[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT (#115)
The plaintiff, Ann Bottone, filed a complaint on January 11, 1995, against the defendants St. Philip Roman Catholic Church Corp. and the City of Norwalk for injuries she sustained when she CT Page 5118-YYYY slipped and fell on a sidewalk due to an accumulation of ice and snow. The defendant City of Norwalk filed a motion for summary judgment on March 20, 1996. The plaintiff filed a memorandum in opposition on April 22, 1996.
The standard of a trial court's decision to grant a motion for summary judgment is well established. "Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."" Barrett v. Danbury Hospital, 232 Conn. 242, 250,654 A.2d 748 (1995).
The defendant argues that General Statutes § 7-163a
allows a municipality to shift the burden for the maintenance of a sidewalk pertaining to the removal of ice and snow to an abutting property owner. The defendant further argues that the City of Norwalk has done so. The plaintiff argues that there is a genuine issue of material fact as to whether the City of Norwalk had a duty to maintain the sidewalk.
The complaint states that "the defendant, St. Philip Roman Catholic Church Corporation, was the owner or party in possession and control of land abutting a public sidewalk at Father Conlon Place, Norwalk." (Complaint ¶ 1.) The complaint then provides that the plaintiff fell on the sidewalk at Father Conlon Place "at a point about halfway between the walkway to said Church and the entrance to the Church's parking lot."
General Statutes § 7-163 provides that a city may adopt a provision whereby such city "shall not be liable to any person injured in person or property caused by the presence of ice or snow on a public sidewalk unless such municipality is the owner or person in possession and control of land abutting such sidewalk, other than land used as a highway or street, provided such municipality shall be liable for its affirmative acts with respect to such sidewalk." The Norwalk City Code § 95-10(B) complies with the provisions of C.G.S. § 7-163. The Code in Section 95-10(E) provides that the person in possession and control of the land abutting the public sidewalk shall have the duty of care to cause the sidewalk to be made safe and convenient. CT Page 5118-ZZZZ
There is no genuine issue of fact as to whether the City of Norwalk had a duty to remove the snow and ice from the location where the injuries occurred. The plaintiff has alleged that the church had possession and control of the sidewalk and the injury occurred on that sidewalk. The plaintiff has not provided the court with contradictory evidence. The motion for summary judgment is granted as to the City of Norwalk.
ARNOLD, J.